UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re                                              )
                                                   )
DENNIS C. BAILLY,                                  )    Case No. 6:14-bk-05401-KSJ
                                                   )    Chapter 7
              Debtor.                              )
                                                   )

# MEMORANDUM OPINION CONFIRMING DEBTOR'S ASSUMPTION OF A CAR LEASE WITHOUT A SEPARATE REAFFIRMATION AGREEMENT

The issue is whether a debtor can assume a car lease under § 365(p)(2) of the Bankruptcy Code[1] without also reaffirming a debt under § 524(c) of the Code.  The answer is "yes".  The Debtor can assume his car lease with Ford Motor Credit Company without separately reaffirming the debt and, indeed, without seeking any approval from the Court.

Debtor filed for Chapter 7 relief on May 9, 2014, and received a discharge under § 727 of the Bankruptcy Code on August 12, 2014. On August 7, 2014, just days prior to receiving his discharge, the Debtor and Ford filed a Stipulation for Assumption of Lease Agreement.[2] The Court set a hearing on the Stipulation, and Ford filed a memorandum[3] arguing this Court should approve the lease assumption without requiring a separate reaffirmation agreement.

Assumption of leases is allowed in § 365 of the Bankruptcy Code.[4]  A Chapter 7 trustee has the first opportunity to assume a lease on which the debtor is obligated.[5]  If the trustee does

---

[1] All references to the Bankruptcy Code or the Code refer to 11 U.S.C. § 101, *et seq*.
[2] Doc. No. 10.
[3] Doc. No. 24.
[4] 11 U.S.C. § 365.
[5] *See* 11 U.S.C. § 365(b).

not act within 60 days from the order for relief, the lease is deemed rejected.[6]  Prior to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the Bankruptcy Code did not explicitly allow individual Chapter 7 debtors to assume a lease.[7] BAPCPA fixed this omission by adding § 365(p):[8]

> **(2)(A)** If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease.  Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
>
> **(B)** If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.
>
> **(C)** The stay under section 362 and the injunction under section 524(a) (2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.

Section 365(p)(2) imposes a multi-step process when a Chapter 7 debtor wants to assume a lease, often a car lease.[9]  First, the debtor must notify the lessor—referred to as "creditor" in the statute—in writing that he or she wishes to assume the lease.  Second, after receiving the initial notification from the debtor, the creditor may notify the debtor it is willing to enter into a lease assumption with the debtor "and may condition such assumption on cure of any outstanding default on terms set by the contract."[10]  Third, if the debtor agrees to the creditor's terms, the debtor can notify the creditor within 30 days "that the lease is assumed."[11]  If the

---

[6] 11 U.S.C. § 365(d)(1).
[7] *In re Mortenson*, 444 B.R. 225, 228 (Bankr. E.D.N.Y. 2011).
[8] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23.
[9] Section 365(p)(1) clarifies that § 365(p)(2) only applies to personal property. 11 U.S.C. § 365(p)(1).
[10] 11 U.S.C. § 365(p)(2)(A).
[11] 11 U.S.C. § 365(p)(2)(B).

debtor sends this last notification, "the liability under the lease will be assumed by the debtor and not by the estate."[12]

Some courts read an additional step into the lease assumption process—compliance with the reaffirmation procedures of § 524(c),[13] which applies to "[a]n agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable,"[14] and states that "reaffirmation" agreements are only enforceable if the parties comply with many specific requirements.  For example, parties must reach reaffirmation agreements before the entry of a discharge, the creditor must provide the debtor with pages and pages of disclosures, and the debtor's attorney, or in some instances the bankruptcy court, must ensure that the agreement is "fully informed and voluntary" and "does not impose an undue hardship on the debtor or a dependent of the debtor."[15]

A debtor's § 727 discharge typically discharges the debtor's obligations to a lessor under a lease agreement.[16]  As such, courts requiring reaffirmation agreements state that the lease assumption "is an agreement to be bound by a debt that arose prepetition, when the lease was originally entered into and promises exchanged in consideration of each other, and that would otherwise and normally be dischargeable."[17]  Therefore, under this line of cases, a debtor and the lessor must enter into a reaffirmation agreement and obtain court approval, if necessary under § 524(c), before the lease assumption is effective.

---

[12] 11 U.S.C. § 365(p)(2)(B).  Subsection (B) does not mention *which* notice the 30-day period runs from: the debtor's initial notice or the creditor's responsive notice. *See, e.g.*, *In re Garaux*, No. 12-60995, 2012 WL 5193779, at *2 n.2 (Bankr. N.D. Ohio, Oct. 12, 2012).  The Court need not resolve this issue insofar as both the Debtor and Ford timely agreed to the lease assumption in this case under either option.
[13] *See, e.g.*, *Thompson v. Credit Union Fin. Grp.*, 453 B.R. 823 (W.D. Mich. 2011); *In re Eader*, 426 B.R. 164 (Bankr. D. Md. 2010); *In re Creighton*, 427 B.R. 24 (Bankr. D. Mass. 2007).
[14] 11 U.S.C. § 524(c).
[15] *See* 11 U.S.C. § 524(c).
[16] *See, e.g.*, *In re Beck*, 272 B.R. 112 (Bankr. E.D. Pa. 2002) (thoroughly discussing dischargeability of auto lease obligations).
[17] *See Creighton*, 427 B.R. at 27-28.

Other courts, such as those deciding *In re Mortenson*[18] and *In re Perlman*,[19] hold that the lease assumption process under § 365(p)(2) is separate and distinct from the reaffirmation requirements.[20] These courts rely on § 365(p)(2)(C), which states that § 524(a)(2)'s discharge injunction "shall not be violated by notification of the debtor and negotiation of cure under this subsection,"[21] indicating Congress contemplated lease assumptions *after* discharge. Reaffirmation agreements, conversely, are prohibited after discharge.[22] So, the Bankruptcy Code expressly allows parties to negotiate a lease assumption before or after a Debtor's discharge is entered but limits the time to reaffirm a debt to the pre-discharge period. If reaffirmation agreements must accompany lease assumptions, "some lease assumption agreements authorized under § 365(p) would not satisfy the provisions governing reaffirmation . . . because to be valid, a reaffirmation agreement must be made before discharge."[23] Thus, reaffirmation procedures should not be read into § 365(p)(2)'s lease assumption framework because "Congress would not authorize the debtor and lessors to negotiate lease assumption agreements that would be unenforceable as a matter of law."[24]

Other additions by BAPCPA addressing a debtor's assumption of a lease further clarify that assuming a lease under § 365(p)(2) is totally separate from reaffirming a debt under § 524(c). Section 362(h) of the Code, added by BAPCPA, states that the automatic stay will be terminated as to personal property subject to an unexpired lease if the debtor fails to timely file a

---

[18] 444 B.R. 225 (Bankr. E.D.N.Y. 2011).
[19] 468 B.R. 437 (Bankr. S.D. Fla. 2012).
[20] *See, e.g.*, *In re Perlman*, 468 B.R. 437 (Bankr. S.D. Fla. 2012); *In re Ebbrecht*, 451 B.R. 241 (Bankr. E.D.N.Y. 2011); *In re Thompson*, 440 B.R. 130, 131 (Bankr. W.D. Mich. 2010) *rev'd and remanded sub nom. Thompson v. Credit Union Fin. Grp.*, 453 B.R. 823 (W.D. Mich. 2011).
[21] 11 U.S.C. § 365(p)(2)(C).
[22] 11 U.S.C. § 524(c)(1) (reaffirmation agreement must be "made before the granting of the discharge"). "It is undisputed that agreements entered into after the discharge are unenforceable." *In re LeBeau*, 247 B.R. 537, 539 (Bankr. M.D. Fla. 2000). The "overwhelming majority of cases holds that it is inappropriate to reopen a case in order to vacate a discharge and approve a reaffirmation agreement." *In re Clark*, 2010 WL 5348721, at *4 (Bankr. E.D.N.Y. 2010).
[23] *Perlman*, 468 B.R. 437, 440 (Bankr. S.D. Fla. 2012) (citing *Thompson*, 440 B.R. at 131).
[24] *In re Mortensen*, 444 B.R. 225, 230 (Bankr. E.D.N.Y. 2011).

§ 521(a)(2) statement of intention indicating whether the debtor intends to surrender or retain the property.[25] If the debtor intends to retain the personal property, the debtor must indicate whether he or she will redeem the property, enter into a reaffirmation agreement on the property, "*or assume such unexpired lease pursuant to § 365(p) if the trustee does not do so.*"[26] Congress could have written the statute to require the debtor to indicate he or she will reaffirm *and* assume the unexpired lease, but it did not; BAPCA treats lease assumptions under § 365(p)(2) and reaffirmation under §524(c) as "distinct alternatives."[27] Section 521(d) also makes a similar distinction and recognizes the requirement that the debtor perform his or her statement of intention with respect to an unexpired lease of personal property.[28] "Based on the inclusion of the references to the debtor's right to assume such leases throughout the Code, Congress envisioned a specific avenue for a debtor to follow with respect to unexpired leases for personal property."[29]

In contrast with the numerous procedural hurdles erected to reaffirm a debt under § 524(c), § 365(p) does not contemplate judicial approval of lease assumptions.[30] This distinction has the potential to produce anomalous results.[31] If reaffirmation agreements must accompany lease assumptions, a lessor could face the unenviable position of being bound by a lease assumption—which does not require judicial approval—but having its reaffirmation

---

[25] 11 U.S.C. § 362(h)(1).
[26] 11 U.S.C. § 362(h)(1)(A).
[27] *See In re Thompson*, 440 B.R. 130, 132 (Bankr. W.D. Mich. 2010) *rev'd and remanded sub nom. Thompson v. Credit Union Fin. Grp.*, 453 B.R. 823 (W.D. Mich. 2011).
[28] 11 U.S.C. § 521(d). "Section 521(d) of the Bankruptcy Code also was added by BAPCPA, and provides that if a debtor fails to timely take the actions required by §§ 521(a)(6) (regarding a debt secured by an allowed claim for the purchase price of the personalty) or 362(h)(1) or (2) (regarding *inter alia,* the debtor's requirement to file and perform a statement of intention pursuant to section 365(p) with respect to an unexpired lease of personal property) any limitations on *ipso facto* clauses under the Bankruptcy Code are not in effect." *Mortensen*, 444 B.R. at 228.
[29] *Mortenson*, 444 B.R. at 228.
[30] *E.g.*, *In re Finch*, No. 06-14016-SBB, 2006 WL 3900111, at *1 (Bankr. D. Colo. Oct. 2, 2006).
[31] *In re Ebbrecht*, 451 B.R. 241, 247 (Bankr. E.D.N.Y. 2011).

agreement denied by the court.[32]  "Congress could not have intended for such an anomaly, particularly considering that Section 365(p)(2)(B) provides that the liability under a lease assumed by the Chapter 7 debtor is a liability of the *debtor* and not of the estate.[33]

Why create § 365(p)(2) at all if Congress intended to require a separate reaffirmation agreements to assume a lease? Why not just require the debtor to reaffirm a lease after the Chapter 7 trustee does not timely assume it? "A statute should be construed [to give effect] to all its provisions, so that no part will be inoperative or superfluous, void or insignificant."[34] Distinguishing between lease assumption and reaffirming a debt allows debtors to do exactly what § 365(p)(2) allows—to decide whether or not to assume the lease, thus initiating the back-and-forth negotiating process.[35] Requiring compliance with reaffirmation procedures renders Congress's choice to add § 365(p)(2) effectively meaningless—a debtor simply could submit a reaffirmation agreement and forego the § 365(p)(2) process entirely.

Congress easily could have referenced § 524(c) if it desired debtors to follow that procedure in addition to the lease assumption procedure. As the court in *In re Ebbrecht* explained:

> Had Congress intended the lease assumption and reaffirmation agreement provisions of the Bankruptcy Code to be interchangeable, it would have said so, but has not. Further, had Congress intended for leases to be both assumed under Section 365(p) and reaffirmed under Section 524, it would have said so, but again, has not. Congress clearly intended to provide two separate provisions covering two very different situations, and adopted two very different procedures.[36]

Summarizing the differences between lease assumptions under § 365(p)(2) and reaffirmation under § 524(c), the *Ebbrecht* court went on to state:

---

[32] *See id.* at 247.
[33] *Id.*
[34] *Corley v. United States*, 556 U.S. 303, 304, 129 S. Ct. 1558, 1560, 173 L. Ed. 2d 443 (2009).
[35] *See* 11 U.S.C. § 365(p)(2).
[36] *Ebbrecht*, 451 B.R. at 247.

> Section 524 requires reaffirmation before discharge, but Section 365(p) does not; failure to adhere to the specific timing mechanics for a reaffirmation agreement will result in a court not being empowered to approve it, while a lease assumption may be filed at any time; although substantial disclosures are required for a reaffirmation agreement under Section 524(k), none is militated under 365(p); the court assumes a gatekeeper role in determining whether to approve a proposed reaffirmation agreement, but has no involvement in review or consideration of a Chapter 7 debtor's personal property lease assumption; and, finally, the procedures for entering into a lease assumption, for example, beginning with the handshake, has no similar protocol in Section 524.[37]

Reading § 524(c)'s reaffirmation requirements into § 365(p)(2)'s lease assumption procedures is cumbersome, violates all rules of statutory construction, and is not merited. As the Bankruptcy Court for the Southern District of Florida noted in *Perlman*, "[s]tatutory construction requires that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'"[38] "If Congress had intended the reaffirmation agreement and lease assumption provisions to be interconnected or interchangeable, it would not have made the two procedures so different and incompatible."[39] Finding the reasoning in *Mortenson*, *Ebbrecht*, and *Perlman* persuasive, and for the all of the reasons stated above, this Court follows the lead of her sister courts that do not require compliance with § 524(c)'s reaffirmation procedures in order for a debtor to assume the lease under § 365(p)(2).

Because the Debtor need not comply with § 524(c)'s reaffirmation requirements, the Court next must determine what role, if any, bankruptcy courts have in the lease assumption process under § 365(p)(2). By the plain language of § 365(p)(2), the answer is simple:

---

[37] *Id.* at 247.
[38] *In re Perlman*, 468 B.R. 437, 440 (Bankr. S.D. Fla. 2012) (quoting *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004)).
[39] *Perlman*, 468 B.R. at 441.

bankruptcy courts play *no* role in the process.[40] "Significantly, the statute imposes no requirement that a Chapter 7 debtor (or the putative lessor) file a motion to assume the lease, or obtain court approval of the lease assumption or terms."[41] Section 365(p)(2) does not mention court involvement and contains no basis for requiring court approval of a debtor's lease assumption.

Parties do not need to file any motion or stipulation seeking approval for any lease assumption. Let me restate, parties do not need my permission for a debtor to assume a lease or for a creditor to enforce the assumed lease. The only requirement is the two parties agree to the lease assumption as allowed by § 365(p)(2). (Of course, this Court, in its role as umpire, stands ready to resolve disputes between the parties, if a disagreement arises.)

Moreover, if debtors and creditors erroneously do file reaffirmation agreements in connection with lease assumptions, they routinely are disapproved because "[a] personal property lease may only be assumed under Bankruptcy Code Section 365(p)(2)."[42] "[W]hen § 365(p)(2) lease assumption agreements are filed as 'reaffirmation agreements' under § 524, time and resources are wasted not only by the court, but by the parties when hearings are unnecessarily scheduled."[43] To give full effect to the lease assumption procedures created by § 365(p)(2), the Court discourages signing or filing reaffirmation agreements in combination with assuming a lease involving personal property and summarily will deny those mistakenly filed.

Here, the Debtor and Ford have agreed[44] to the Debtor's assumption of his car lease. Reaching such a stipulation may avoid future disputes between the parties, but the Court does not require the parties to file the agreement, and the Court is not required to "bless" or otherwise

---

[40] *E.g.*, *id.* at 441.
[41] *In re Hayden*, No. 13-10865, 2014 WL 1612164, at *4 (Bankr. D. Vt. Apr. 22, 2014).
[42] *Ebbrecht*, 541 B.R. at 248; *Perlman*, 468 B.R. at 441.
[43] *Perlman*, 468 B.R. at 441.
[44] Doc. No. 10.

approve the agreement. Debtor was bound by the lease the instant he reached his agreement with Ford, and Ford instantly was entitled to enforce the terms of the lease assumption. The Court simply will confirm that the Stipulation and underlying lease assumption agreement is effective and that no separate reaffirmation agreement is required for either party to enforce the terms of the assumed lease.

DONE AND ORDERED in Orlando, Florida, December 11, 2014.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Attorney Robert Hoofman is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.